**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 9 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 18-31702 |
| | ) | |
| Michelle R. Verbeek, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 18-3050 |
| | ) | |
| David Schachter, Esq., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Michelle R. Verbeek, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING
MOTION FOR JUDGMENT ON THE PLEADINGS**

This adversary proceeding is before the court on Defendant's Motion for Judgment on the Pleadings ("Motion") [Doc. # 9] and Plaintiff's opposition [Doc. # 10]. Defendant ("Defendant" or "Debtor") is the debtor in the underlying Chapter 7 case in this court. Plaintiff is an attorney and is proceeding pro se in this matter. In his complaint, Plaintiff seeks denial of Debtor's discharge under 11 U.S.C. §727(a)(4)(C) and/or a finding of nondischargeability under 11 U.S.C. § 523(a)(2)(A) of a debt for legal services alleged to be owed to him by Debtor.

The district court has jurisdiction over Debtor's underlying Chapter 7 bankruptcy case and all civil

proceedings in it arising under Title 11.  28 U.S.C. § 1334(a) and (b).  The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision.  28 U.S.C. § 157(a) and General Order No.2012-7 entered by the United States District Court for the Northern District of Ohio.  Proceedings seeking denial of a debtor's discharge or to determine the dischargeability of particular debts are core proceedings that this court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(I) and (J).

Having considered the Debtor's Motion and the parties' briefs in support of their respective positions, for the reasons that follow, the Motion will be granted in part and denied in part.

## BACKGROUND

The following facts are gleaned from the complaint and documents attached thereto.  *See* Fed. R. Civ. P. 10(c) (providing that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); Fed. R. Bankr. P. 7010.  On May 6, 2017, Debtor executed an agreement, wherein she agreed to pay the Law Office of Schachter, PC, a $2,500 retainer to represent her in her divorce action in the Supreme Court of New York, County of Queens, and such sums as are billed pursuant to the retainer agreement. [Doc. # 1, Complaint, ¶ 6 and attached Ex. A].  Debtor repeatedly represented to Plaintiff "that she was financially capable of paying for plaintiff's legal services, costs, and expenses, that she would make such payments, by payment plan or otherwise." [*Id.* at p 7].

Emails were exchanged between Plaintiff's law office and Debtor regarding her payment of the retainer and other amounts owed. [*Id.* at ¶¶ 8-9; Exs. B & C].  On May 8, 2017, Plaintiff's office emailed Debtor, asking when she would be able to make the retainer payment. [*Id.,* Ex. B, unnumbered p. 6]. Plaintiff responded by email, stating that she had $500 for a May 24th court date and then could pay "$100 a week and the balance can keep adding up." [*Id.*].  On May 15, 2017, Debtor responded to additional emails from Plaintiff's law office, stating:

> I thought the 100$ (sic) a week was for the retainer but now I understand.  I literally only have 2600$ (sic) to my name.  All I want is my daughter back and I will give you $1000 right away for the May 24the 9:00 am court date.  After that I will pay you $400 a month until everything is paid off.  I only get paid 18.65$ (sic) an hour in which I'm trying to pay off debt to get my credit score up by taking out 175$ a week.  I'm doing all I can to fight for my daughter and not get behind on bills either. I hope you can still help. Whatever cost there is I will pay upfront like the $1000 for the court date.

[*Id.* at unnumbered p. 4].  An email from Plaintiff's office dated May 30, 2017, states: "Please note that usually we do get a deposit of $1500.00 or more up front but we will work with you.  Please make sure to pay the $400.00 timely." [*Id.* at unnumbered p. 1].  On June 5, 2017, Debtor confirmed that she would make

2

a $400.00 payment on the 15th of every month. [*Id.* at ¶ 10 and Ex. C, p. 4]. In early September 2017, Plaintiff's office asked Debtor to make larger payments to bring down the balance that she owed. [*Id.* at ¶ 11]. Debtor agreed to make a $900.00 payment and monthly payments thereafter of $600.00. [*Id.*]. Plaintiff accepted that payment arrangement and those payments were made by Debtor. [*Id.*].

Plaintiff provided legal services for Debtor and incurred costs and expenses in connection with such services in reliance on Debtor's promises and assurances of payment. [*Id.* at ¶ 13]. To date, Debtor has paid Plaintiff a total of $7,350.00 in connection with her divorce proceeding, leaving an unpaid balance of $14,422.05. [*Id.* at ¶ 20].

On May 30, 2018, while Plaintiff was in the final stages of negotiating a settlement for Debtor in her divorce action, she filed for relief under Chapter 7 of the Bankruptcy Code, thus seeking a discharge of an alleged $14,422.05 debt to Plaintiff. [*Id.* at ¶ 21]. Debtor never instructed Plaintiff to cease representing her or informed him that she would seek to have the debt discharged in bankruptcy. [*Id.* at ¶¶ 13, 19].

## DISCUSSION

### I. Rule 12(c) Standard

Defendant's Motion for Judgment on the Pleadings is brought under Federal Rule of Civil Procedure 12(c), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). The proper standard for deciding a Rule 12(c) motion is the same as for a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Under Federal Rule of Civil Procedure 8(a)(2), applicable under Federal Rule of Bankruptcy Procedure 7008, a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive such a motion, the complaint must contain either direct or inferential allegations respecting all material elements of a claim. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, conclusory allegations, legal conclusions masquerading as factual allegations, and unwarranted inferences will not suffice. *Id.*; *Winget*, 510 F.3d at 581-82. The United States Supreme Court has explained the plausibility standard as follows:

3

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> . . . .
>
> But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A Rule 12(c) motion may be granted only "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582.

## II. 11 U.S.C. § 523(a)(2)(A) and (B)

In his complaint, Plaintiff alleges that a debt is owed to him for fees, costs and expenses relating to his firm's representation of Debtor in her divorce action in New York state court and that it is nondischargeable under § 523(a)(2)(A). Under that subsection, a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

In order to except a debt from discharge under § 523(a)(2)(A) based upon false representation, a plaintiff must prove the following elements: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

Representations of Debtor alleged in the complaint that Plaintiff relies upon in support of his § 523(a)(2)(A) claim are (1) that Debtor was financially capable of paying for Plaintiff's legal services, costs and expenses, (2) that Debtor would do so through a "payment plan or otherwise," and (3) assurances included in Debtor's emails that she would make monthly payments and that she would do so "until everything is paid off."

With respect to any representation regarding Debtor's financial ability to pay, "the language of § 523(a)(2)(A) expressly prohibits using a 'statement respecting the debtor's . . .financial condition' as a basis for fraud." *Id.* at 281. Rather, such representations must be addressed under § 523(a)(2)(B), which requires that false statements respecting a debtor's financial condition be in writing to be actionable.

4

18-03050-maw    Doc 11    FILED 10/09/18    ENTERED 10/09/18 10:14:17    Page 4 of 7

*Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 963-64 (7th Cir. 2004). Some of the statements in Debtor's emails are statements respecting her financial condition in that they have a direct relation to or impact on her overall financial status, (i.e. the email attachment of one of her paystubs and statements that "I only get paid 18.65$ (sic) an hour" and "I literally only have 2600$ (sic) to my name," [Ex. B, unnumbered p. 4]).[1] *See Lamar, Archer & Cofrin, LLP v. Appling*, – U.S. –, 138 S.Ct. 1752, 1761 (2018) (finding that "[a] single asset has a direct relation to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not"). However, Plaintiff's complaint includes no allegation that any such written statement was false.

The remaining representations made by Debtor are simply promises to make monthly payments until Plaintiff is paid in full. The complaint includes no allegation that the monthly payments were not made. Plaintiff alleges that Debtor increased the monthly payments from $400.00 to $600.00 and that Debtor has made the payments and has paid a total of $7,350.00. While Debtor allegedly still owes a balance of $14,422.05, a mere breach of a promise to pay will not support a finding of fraud. *Stifter v. Orsine (In re Orsine),* 254 B.R. 184, 188 (Bankr. N.D. Ohio 2000).

While "any debtor who does not intend to perform a contract from its inception has knowingly made a false representation," *id.*, Plaintiff does not specifically allege that Debtor never intended to pay him in accordance with their agreement. He nevertheless argues that the following course of conduct alleged in the complaint is indicative of her fraudulent intent in inducing Plaintiff to provide her with legal services: (1) Debtor never objected to detailed and regular invoices received by her for Plaintiff's legal services; (2) Debtor never instructed Plaintiff to cease representation of her; (3) the consideration offered by Debtor was grossly inadequate; (4) Debtor filed her bankruptcy petition approximately one year after Plaintiff began representing her without consulting Plaintiff's office and while Plaintiff was in the midst of providing her with legal services. However, an inference from these facts that Plaintiff never intended to perform as required under her agreement with Plaintiff is unwarranted. As discussed above, Plaintiff does not allege that Debtor's statements regarding her financial circumstances were false. Rather, he alleges that he accepted less than he normally would require and accepted Debtor's payment plan. The fact that Debtor filed bankruptcy approximately one year later without first informing Plaintiff does not warrant an inference

---

[1] Plaintiff does not cite § 523(a)(2)(B) in his complaint. However, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Quinn-Hunt v. Bennett Enter., Inc.*, 122 Fed. Appx. 205, 207 (6th Cir. 2005) (quoting *Albert v. Carovano*, 851 F.2d 561, 571, n. 3 (2d Cir.1988)).

that she did not intend to perform under their agreement from its inception.

Nevertheless, a failure to disclose material facts can amount to a misrepresentation where there is a duty to disclose. *Baker v. Wentland (In re Wentland)*, 410 B.R. 585, 595 (Bankr. N.D. Ohio 2009); *Armbrustmacher v. Redburn (In re Redburn)*, 202 B.R. 917, 928 n. 26 (Bankr. W.D. Mich.1996) ("[A] deliberate nondisclosure of a material fact ... is just as culpable as an intentional false affirmation."). Ohio law imposes on a party to a business transaction a duty to disclose "'subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true or believed to be so. . . .'" *Gen. Acquisition, Inc. v. GenCorp Inc.*, 766 F. Supp. 1460, 1480 (S.D. Ohio 1991) (quoting Restatement (Second) of Torts § 551(2) (1977)); *see Cent. States Stamping Co. v. Terminal Equip. Co.*, 727 F.2d 1405, 1409 (6th Cir.1984) (stating that Ohio has adopted section 551 of the Restatement (Second) of Torts).

Plaintiff's allegations that he continued to represent Debtor in her divorce proceeding in reliance upon her representations that she would continue to make monthly payments to him until he was paid in full, that he was in the midst of settlement negotiations in her divorce proceeding when she filed her bankruptcy petition seeking a discharge of any debt owed to him, and that Debtor never informed Plaintiff that she was filing bankruptcy, when viewed in a light most favorable to Plaintiff, permits an inference of fraudulent intent. After Debtor's representations regarding her willingness to make monthly payments until Plaintiff was paid in full, her intent to file bankruptcy was a material fact that would make her previous representation untrue. She had a duty to disclose such intent before accepting Plaintiff's ongoing representation in her divorce case. A reasonable inference could be made that Debtor purposely did not disclose her intent to file bankruptcy in order to continue receiving Plaintiff's legal services.

Debtor's motion for judgment on Plaintiff's § 523(a)(2)(A) claim will therefore be denied to the extent that Plaintiff's claim alleges nondischargeability based on fraudulent nondisclosure of Debtor's intent to file bankruptcy. Debtor's motion for judgment will be granted to the extent that Plaintiff's claim under § 523(a)(2)(A) is based on Debtor never intending to pay Plaintiff in accordance with their agreement and on Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) or (B) to the extent based on statements about Debtor's financial condition.

### III. 11 U.S.C. § 727(a)(4)(C)

Unlike § 523(a), which addresses the dischargeability of particular debts, § 727(a) addresses whether a debtor will receive a discharge of any of her debts. In his complaint, Plaintiff relies on § 727(a)(4)(C), which provides as follows:

6

> (a) The court shall grant the debtor a discharge, unless—
>
> ...
>
> > (4) the debtor knowingly and fraudulently, in or in connection with the case—
>
> ...
>
> > (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act[.]

11 U.S.C. § 727(a)(4)(C).

The purpose of § 727(a)(4)(C) is to punish the efforts of a debtor "to subvert the bankruptcy process itself, as differentiated from the seeking of an advantage with respect to a particular claim." *Anderson v. Wendt (In re Wendt)*, 381 B.R. 217, 225 (Bankr. S.D. Tex. 2007); *SE Prop. Holdings, LLC v. Stewart (In re Stewart)*, 577 B.R. 581, 587 (Bankr. W.D. Okla. 2017); *see* 6 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 727.06 (16th ed. 2017) (explaining the § 727(a)(4)(C) contemplates denial of a discharge to debtors that accept or offer a "'bribe,' i.e. money or property, advantage or a promise of these for acting or forbearing to act in or in connection with the case") .

The allegations in Plaintiff's complaint address Debtor's assurances during the year before filing her bankruptcy petition regarding payment of legal fees and expenses for representation by Plaintiff in Debtor's divorce action and her failure to later inform Plaintiff of her decision to file bankruptcy. At best, these allegations relate to an alleged advantage sought by Debtor with respect to Plaintiff's particular claim for legal fees and expenses. They do not allege efforts of Debtor to subvert the bankruptcy process in the underlying bankruptcy case. Plaintiff has not stated a claim under § 727(a)(4)(C). Debtor is thus entitled to judgment as a matter of law on that claim.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings [Doc. # 9] is **GRANTED** in part as to: (1) Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) to the extent it is based on Debtor's representations that she would pay Plaintiff in full but that she never intended to do so, (2) Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) or (B) to the extent based on statements about Debtor's financial condition, and (3) Plaintiff's claim under 11 U.S.C. § 727(a)(4)(C); and

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings [Doc. # 9] is **DENIED** in part as to Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A) to the extent that Plaintiff's claim alleges nondischargeability based on fraudulent nondisclosure of Debtor's intent to file bankruptcy.

###